IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 04-60669-CIV-MARRA/SELTZER

STEVEN CASDEN, an individual,

      Plaintiff,

v.

JBC LEGAL GROUP, P.C., a suspended
California professional corporation,

      Defendant.
_____/



## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS

Plaintiff, Steven Casden, an individual, pursuant to Rule 7.1C, Local Rules of the United States District Court for the Southern District of Florida, files this his memorandum of law in support of Plaintiff's Motion for Award of Attorney's Fees and Costs.

### I. PROCEDURAL HISTORY

Mr. Casden filed a complaint against JBC Legal Group, P.C., a suspended California professional corporation ("JBC Legal") seeking damages against JBC Legal for its unlawful debt collection practices. In particular, Mr. Casden asserted claims against JBC Legal for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Florida Statute §559.01, *et seq.* ("FCCPA"). After service of the Complaint, the respective parties commenced extensive settlement discussions which were unsuccessful.

On July 20, 2004, JBC Legal served an Offer of Judgment wherein JBC Legal offered to allow judgment to be entered against it in the amount of Two Thousand ($2,000.00) Dollars, plus



reasonable attorney's fees and costs to be determined by the Court. After acceptance of the Offer of Judgment, the Court entered judgment for Plaintiff on August 9, 2004 ("Final Judgment"). Pursuant to the Final Judgment the Court reserved jurisdiction to determine the reasonable attorney's fees and costs of counsel for Mr. Casden.

## II. STATEMENT OF FACTS

In this litigation, Mr. Casden was represented by Robert W. Murphy, Esquire ("Attorney Murphy"). Attorney Murphy expended 12.5 hours in the representation of Mr. Casden, as detailed in the Declaration of Robert W. Murphy in Support of Plaintiff's Motion for Award of Attorney Fees and Costs filed contemporaneously herewith ("Attorney Declaration"). The reasonable hourly rate for an attorney of the experience of Mr. Murphy is $325.00. (Attorney Declaration - ¶9). An amount totaling $4,062.50 is sought as attorney's fees for the representation of Mr. Casden (Attorney Declaration - Paragraph ¶6). Additionally, Attorney Murphy has expended $233.21 in costs and litigation expenses in the prosecution of this action (Attorney Declaration - ¶2).

## III. STATEMENT OF QUESTION PRESENTED

Is Plaintiff entitled to an award of reasonable attorney's fees and costs? Plaintiff respectfully submits that this question should be answered in the affirmative.

## IV. LEGAL ARGUMENT

### A. PLAINTIFF STEVEN CASDEN WAS SUCCESSFUL IN THIS ACTION.

The Fair Debt Collection Practices Act requires the payment of costs and reasonable attorney fees to a successful consumer:

> ... any debt collector who fails to comply with any provision of this subchapter ... is liable to such person in an amount equal to the sum of - - [actual damages][statutory damages] and (3) in the case of any successful action to

> enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a)(3).

In litigation pursuant to the Fair Debt Collection Practices Act, the Second Circuit stated: "the award of attorney fees to plaintiffs for a debt collector's violation of any provision of the FDCPA is mandatory." *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989), citing *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989). As the prevailing party in this case, Mr. Casden is entitled to an award of costs and reasonable attorneys fees. *Thorpe v. Collection Information Bureau, Inc.*, 963 F.Supp. 1172, 1174 (S.D. Fla. 1996).

Given the structure of the section, attorneys' fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). See also *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990). Mr. Casden was the prevailing party in this litigation. Damages of $2,000.00 were awarded to Mr. Casden. This is **twice** the maximum statutory recovery Mr. Casden can receive under either the FDCPA and FCCPA. 15 U.S.C. §1692k(a)(2).

### B. PLAINTIFF'S ATTORNEYS ARE TO BE AWARDED FEES PURSUANT TO THE LODESTAR FORMULA

The U.S. Supreme Court has explained the calculation for an award of attorney fees:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

*Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S.Ct. 1933, 1939; 76 L.Ed. 2d 40 (1983). Also see:

*Thorpe v. Collection Information Bureau, Inc.*, supra at 1174. Although this decision, and other cited hereinafter, arise in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, these criteria are equally applicable here. "The standards set forth this in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Id. 103 S.Ct. At 1939, n.7. "We have stated in the past that fee-shifting statutes' similar language is 'a strong indication that they are to be interpreted alike." *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754; 109 S.Ct. 2732, 2735, n.2; 105 L.Ed. 2d 639 (1989) (quoting *Northcross v. Memphis Bd. of Education*, 412 U.S. 427, 428; 93 S.Ct. 2201, 2202; 37 L.Ed. 2d 48 (1973)). The multiplication of the reasonable number of hours expended times the reasonable hourly rate is referred to as the "lodestar." *Student Public Interest Research Group v. AT&T Bell Laboratories,* 842 F.2d 1436, 1441 (3d Cir. 1988).

The time of Attorney Murphy in this litigation totaled 12.5 hours. This amount of time is reasonable. The standard hourly rate of $325.00 charged by Attorney Murphy is appropriate for an attorney of Attorney Murphy's experience in this type of litigation. The lodestar calculation for the efforts of Attorney Murphy in this litigation is $4,062.50. Mr. Casden also incurred $233.21 as costs and expenses of this litigation which should be assessed against JBC Legal.

Thus, the total lodestar calculation for the award of attorney fees to the Plaintiff in this matter totals $4,062.50 and costs of $233.21.

### C.  THE LODESTAR MAY NOT BE REDUCED DUE TO THE AMOUNT OF THE JUDGMENT

Plaintiff seeks an award of attorney fees based upon the lodestar formula. The Defendants may, however, suggest that a lesser amount is appropriate.

*1. Previously Established Rates are Appropriate for Plaintiffs' Counsel.*

The U.S. Supreme Court has stated: "The statute and legislative history establish that 'reasonable fees' under Section 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." *Blum v. Stenson*, supra, 465 U.S. at 895, 104 S.Ct. At 1547 (footnote omitted). "In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases ... Paying counsel in FDCPA cases at lower rates than those they can obtain in the market place is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law. *Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995)

The Seventh Circuit reversed a district court's denial of attorney fees even though the plaintiffs only recovered $100.00 ($50 each) as FDCPA statutory damages and remanded for determination of an award of attorney fees. *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir.1997). Of course, the amount of reasonable attorneys fees awarded pursuant to the FDCPA is left to the sound discretion of the judge. *Schimmel v. Slaughter*, 975 F.Supp. 1481, 1484 (M.D. Ga. 1997).

### 2. *The Award of Attorney Fees is Not Limited by the Amount of Damages.*

As long as the plaintiff is successful, that is, recovers more than nominal damages, the plaintiff should be awarded attorneys fees pursuant to a lodestar calculation.

"In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under Section 1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves." *City of Riverside v. Rivera*, 477 U.S. 561, 581; 106 S.Ct. 2686, 2697; 91 L.Ed. 2d 466 (1986) (footnote omitted). Also see: *Quaration v. Tiffany & Co.*, 166 F.3d 422 (2d Cir.1999); *Zagorski v. Midwest Billing Services, Inc.*, supra. The benefits to the public as a whole

resulting from lawsuits which encourage compliance with statutory provisions are more important than relatively small damage awards. Indeed, when a provision for counsel fees is included in a regulatory act, it is a recognition that enforcement of the statute would be unlikely if an individual had to pay his or her own attorney fees. The Court quoted Senator Tunney's remarks in the Congressional Record:

> If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire nation, not just the individual citizen, suffers. City of Riverside v. Rivera, supra at 477 U.S. at 575, 106 S.Ct. At 2694 (citation omitted).

The Third Circuit amplified this thought stating:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.

Student Public Interest Research Group v. AT&T Bell Laboratories, supra, at 1449. "Congress has relied on such plaintiffs to act as private attorneys general." Id., at 1450 n.13. Also see Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991).

The amount of damages awarded often has borne no relation to the amount of attorney fees granted. "[A]ttorney's fees awarded by district courts have 'frequently outrun the economic benefits ultimately obtained by successful litigants.'" Evans v. Jeff D., 475 U.S. 717, 735; 106 S.Ct. 1531, 1541; 89 L.ed. 747 (1986) (citation omitted). Upon finding a statutory violation and damages, the attorney fees award should be made in the lodestar amount. Johnson v. Eaton, 80 F.3d 148 (5th Cir.1996).

For example, this Court has affirmed the bankruptcy court's award of attorney fees of

$29,037.50 where the plaintiff recovered FDCPA statutory damages of only $1,000.00. *In re Martinez*, 266 B.R. 523, 544 (Bankr. S.D.Fla.. 2001), *aff'd* 271 B.R. 696 (S.D. Fla.2001). Similarly, in *Perez v. Perkiss*, 742 F.Supp. 883 (D.Del.1990), the district court awarded $10,110.00 in attorney fees where plaintiff's recovery was only $1,200.00.

### D.  PLAINTIFF'S ATTORNEYS ARE ENTITLED TO AN AWARD OF COSTS AND LITIGATION EXPENSES

Plaintiff has requested the award of costs and litigation expenses in addition to an award of attorneys' fees. "[C]ertain out-of-pocket costs incurred by the plaintiffs' attorneys, including transportation, lodging, parking, food and telephone expenses" may be awarded. *Palmagiano v. Garrahy*, 707 F.2d 636, 637 (1st Cir.1983).

The FDCPA grants the successful plaintiff "the costs of the action." 15 U.S.C. §1692k(a)(3). Recoverable costs include travel, photocopies, lodging, postage, telephone calls, and computerized research. *Libertad v. Sanchez*, 134 F.Supp.2d 218, 236 (D.P.R. 2001). Costs may be recovered as provided for by statute as well as 28 U.S.C. §1920. See: *Lathem v. Department of Children & Youth Servs.*, 172 F.3d 786, 794 (11th Cir. 1999). Computer research costs are recoverable. *United Nuclear Corp. v. Cannon*, 564 F.Supp. 581, 591-92 (D.R.I. 1983) ("LEXIS is an essential tool of a modern, efficient law office. As such, it saves lawyers' time by increasing the efficacy of legal research. Denial of reimbursement for LEXIS charges in a proper case would be an open invitation to law firms to use high-priced attorney time to perform routing research tasks that can be accomplished quicker and more economically with LEXIS.") Long distance telephone expenses have been awarded as costs. See: *Davis v. Moss*, 1994 U.S. Dist. LEXIS 3233, *13 (M.D. Fla. 1994). Payment of copying costs is appropriate. *Levka v. City of Chicago*, 107 F.R.D. 230, 231 (N.D. Ill. 1985).

Thus, the plaintiff's litigation expenses and costs are compensable.

### E. PLAINTIFF WILL SEEK A SUPPLEMENTAL AWARD OF COSTS, LITIGATION EXPENSES AND ATTORNEY FEES FOR TIME EXPENDED UPON THIS MOTION

The Declaration submitted by the attorney for Plaintiff details the costs and time expended in this litigation prior to the preparation of this brief. The additional cost and time expended preparing this Motion for Support of an Award of Attorneys Fees and briefing will be submitted when work of Plaintiffs' counsel is completed. An award of fees is appropriate for the time expended in pursuing a Motion for Award of Attorney Fees. *David v. City of Scranton*, 633 F.2d 676 (3d Cir.1980); *Perez v. Perkiss*, supra, at 891-92. After completion of briefing, Plaintiffs' counsel will submit Supplemental Declarations for an Award of Attorney Fees.

### V. CONCLUSION

Based upon the lodestar calculation, attorney fees should be awarded to Plaintiffs' counsel in the amount of $4,062.50. An award of $233.21 as costs and litigation expenses should also be awarded. A supplemental Declaration for an award of attorney fees will be submitted after the completion of briefing.

_____
Robert W. Murphy
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660
(954) 763-8607 (FAX)

## CERTIFICATE OF SERVICE

I, Robert W. Murphy, do hereby certify that on August _13_, 2004 a copy of the foregoing document was sent by first class U.S. Mail to Dale T. Golden, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, 100 N. Tampa Street, Suite 3550, Tampa, FL 33602.

_____
Robert W. Murphy